WILLIAM LEDMAN, by his Guardian ad Litem, HARRIS LEDMAN, Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

*Negligence — a boy walking across a street, between crosswalks, in front of a plainly visible approaching street car.*

In an action brought to recover the damages resulting from an injury to a boy eleven years of age who was run over by the defendant's horse car on a city street, it appeared that, at two o'clock in the afternoon, the boy started to cross the street in question, at a point where there was no crosswalk, and that, although there was no vehicle or obstacle on the street to obstruct his view of the car, which was then three houses distant and approaching at considerable speed, he deliberately walked across the street in front of it without taking any steps to avoid it, and was struck by it.

*Held*, in the absence of any evidence that the driver was not attending to his business, or that the car was not under perfect control, that the accident resulted solely from the boy's own carelessness.

APPEAL by the plaintiff, William Ledman, by his guardian ad litem, Harris Ledman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 30th day of January, 1896, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*I. M. Dittenhoefer*, for the appellant.

*Nathan Ottinger*, for the respondent.

INGRAHAM, J. :

The action was brought to recover for injuries sustained by the plaintiff, a boy about eleven years of age, by being run over by one of the cars of the defendant. The plaintiff testified that on the day of the accident, about two o'clock in the afternoon, he started to cross Grand street, between Essex and Norfolk, to talk to two of his friends ; that he saw that the car was coming about three houses away from him ; that he started to cross the street, but before he got out of the way the horses came too fast and hit him, and he fell down and was run over. The car was going east and was in motion when the plaintiff saw it. The plaintiff did not attempt to cross at the crosswalk, but seems to have been in the middle of the street, and the car was so quickly stopped that it had just gone upon the boy's foot when it was stopped. Another witness testified that he was on Grand street, between Norfolk and Essex, about two o'clock ; that he noticed the car coming up on the east side and saw the boy when he started to cross the street, when the car was about two or three doors away from the boy ; that the car was going fast ; that the plaintiff crossed the first rail, and that the second horse struck his leg and he fell on his face. The witness and another man ran over and stopped the horses when the first wheel of the south side was on the plaintiff's leg. They pushed the car back a little and took the boy out. The witness says that when he noticed the boy as he started to cross from the sidewalk he was walking slowly and appeared to be looking straight across the street. There does not appear to have been any other vehicle in the street or anything to prevent the plaintiff from seeing the car as it approached. The witness testified that the horses were not on a gallop ; that they were running, but not too fast.

It is perfectly apparent that the boy deliberately walked across in front of this car, seeing that the car was approaching, without taking any steps to avoid it, and that the car, so far as appears, without increasing its speed, struck the boy before he was able to get out of its way. There is nothing here to show the absence of contributory negligence on behalf of the plaintiff, but, on the contrary, it appears that the injury was occasioned solely by the plaintiff's walking in front of the car, without attempting in any way to avoid being run over, and that the accident was solely due to his own negligence. There is nothing to show that the driver was not attending to his business, or that the car was not under perfect control, but is a case that is quite frequently presented, viz., that of a boy running in front of a car as it is proceeding along in the usual manner, his attention attracted by something else than the approaching car, and thus failing to get out of the way in time to avoid injury. It is quite clear that the plaintiff failed in showing that he exercised any care, but that it appeared that the accident was solely the result of his own carelessness, and not due to the negligence of the defendant.

The judgment is affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.